### LONIER *v.* STATE SAVINGS BANK.

Banks and Banking — Checks — Payment — Fraud of Payee's Agent—Liability of Bank.

Where plaintiff's agent accepted a check in payment of an account, and without authority indorsed plaintiff's name upon it, presented it at the bank upon which it was drawn, received the money upon it, and absconded without accounting to plaintiff, and the bank charged the check to the drawer and returned it to him as paid, the bank is not liable to plaintiff for the amount of the check, either on the theory that it received the money from the drawer for plaintiff's use, or that money was paid to the bank for plaintiff's use.

Error to Washtenaw; Kinne, J.    Submitted June 14, 1907.    (Docket No. 95.)    Decided September 20, 1907.

Assumpsit by Louis Lonier and William J. Hoffer, co-partners as Lonier & Hoffer, against the State Savings Bank for money had and received.    There was judgment for defendant on a verdict directed by the court, and plaintiffs bring error.    Affirmed.

. *A. F. & F. M. Freeman,* for appellants.

*Arthur Brown,* for appellee.

HOOKER, J.    This cause was disposed of on the conclusion of plaintiffs' testimony, a verdict for defendant being directed.

The testimony was in substance that plaintiffs were merchants and defendant the banker of Staebler & Co., their customer.    They employed one Donaldson as a drummer, and it was his duty to sell goods, and sometimes he was directed to settle accounts.    On June 13, 1906, Staebler & Co. were indebted to the plaintiffs. Donaldson called upon them and settled the account, taking their bank check payable to plaintiffs or their order for $92.30.    Donaldson took the check to the bank upon which it was drawn and without authority indorsed the names of the payees upon the back of the check and received the money upon it.    The bank charged the check to Staebler & Co. and returned them the check marked paid. Donaldson never accounted to the plaintiffs for the money. About a month later Donaldson again called on Staebler & Co. to sell goods, and again made a settlement of account, Staebler & Co. again giving their check, payable as before, for $101.50, and again Donaldson collected the money in the same way and without authority, and in due time the check was returned to Staebler & Co. in the course of business, being charged by the bank against their account.    Donaldson never accounted for this money, but absconded.

This action is brought against the savings bank to recover the amounts of plaintiffs' claims represented by the checks.    Donaldson violated his instructions, which were to send such checks to the payees, and he was never authorized to use their name upon commercial paper.    Plaintiffs were ignorant that he had so used their name until after he absconded.    The declaration contained a special count alleging the foregoing facts, and a count for money

had and received for plaintiffs' benefit.   We understand that counsel for plaintiffs do not claim a recovery upon the checks, but upon the theory that the bank has received money for their use and benefit.

The facts are that Staebler & Co. had money in the bank upon deposit, and drew these checks against their account.   The bank paid the checks and charged them against Staebler & Co., and in due course of business passed them to Staebler & Co., presumably on a periodical balancing of Staebler & Co.'s bank book.   Apparently these things were done when both the bank and Staebler & Co. supposed that the checks had been paid to one authorized to collect them.

Counsel for the plaintiffs maintain that this was in effect a settlement of the drawer's account with the bank, after which it was in possession of a fund equitably belonging to the true owner of the checks.

Counsel for defendant rely upon three cases in alleged contravention of this claim:  *First Nat. Bank of Washington* v. *Whitman*, 94 U. S. 343, and our own cases of *Brennan* v. *National Bank*, 62 Mich. 346, and *Grammel* v. *Carmer*, 55 Mich. 201.   See, also, *Cincinnati, etc., R. Co.* v. *Bank*, 54 Ohio St. 60 (31 L. R. A. 653).

Under the Michigan cases cited, this court is committed to the doctrine that the holder of an unaccepted check has no right of action against the drawee, and that the check does not operate as an assignment of the amount named in it, in the drawee's hands, a doctrine supported by the Federal case mentioned.   Although there is a want of harmony in the cases, those in Illinois especially indicating a different doctrine, we see no occasion to depart from the rule as heretofore settled for this State.

Neither is this a case where it can be said that plaintiffs have a cause of action for money paid to the bank for their use and benefit.   The money was deposited in the bank, not to the plaintiffs' use and benefit, but for Staebler & Co.   This deposit created the relation of debtor and creditor as between them, and it has never been changed

either by an assignment of Staebler & Co.'s claim against the bank, or in any other way. See Tiffany's Justice's Guide (6th. Ed.), p. 788 et seq.; *Perley* v. *County of Muskegon*, 32 Mich. 132, 135. See, also, *Grammel* v. *Carmer*, supra, citing *Gibson* v. *Cooke*, 20 Pick. (Mass.) 15, of which it says:

"In *Gibson* v. *Cooke*, 20 Pick. (Mass.) 15, it appeared that a party had drawn a bill which was dishonored for want of funds. Afterwards the drawer remitted funds expressly to meet that and another small bill which had previously been drawn. The drawee paid the small bill, but refused to pay the other. It was held that the payee could not maintain an action against the drawee for the amount, there being no privity of contract between them. If any case could be conceived whose facts would support such an action, this must be such a case, for here the funds were remitted for the express purpose of paying the bill sued upon."

The judgment is affirmed.

MCALVAY, C. J., CARPENTER, GRANT, and MOORE, JJ., concurred.