GORDON FIREWORKS CO. *v.* CAPITAL NATIONAL BANK.

1. BANKS AND BANKING — CHECKS — ASSIGNMENTS — FRAUD OF PAYEE'S AGENT.

Where the payee handed a check, without indorsement, to an employee, and directed him to take it to the bank and get a cashier's check for it, but instead, the employee indorsed it, got the money, and absconded, the bank is not liable to the payee therefor; the check not operating as an assignment of the amount named in it, in the bank's hands (2 Comp. Laws 1915, § 6230).[1]

2. SAME—CONVERSION.

Neither is the bank liable on the theory of conversion, since it did not convert funds of the payee.[2]

---

[1]Banks and Banking, 7 C. J. § 422; [2]Id., 7 C. J. § 422.

Error to Ingham; Carr (Leland W.), J.    Submitted
June 10, 1926.    (Docket No. 73.)    Decided October
4, 1926.

Case by the Gordon Fireworks Company against the
Capital National Bank for the conversion of a check.
Judgment for defendant on a directed verdict.    Plain-
tiff brings error.    Affirmed.

*C. W. & W. S. Foster,* for appellant.

*Brown & Kelley* (*W. C. Brown,* of counsel), for ap-
pellee.

Clark, J.    John S. Gordon owned 98 per cent. of
the capital stock of plaintiff, an Illinois corporation,
and was president and treasurer thereof.    He testi-
fied that he was "really the corporation."    He re-
ceived a check payable to the order of plaintiff and
drawn on the defendant bank.    He handed the check,
without indorsement, to an employee of plaintiff, one
Ravenscroft, and directed him to take it to the bank
and get a cashier's check for it.    He said nothing of
indorsement to the employee.    When the check was
presented for payment it was indorsed.    The indorse-
ment is not in the record, but it was testified that it
was "a simple indorsement," that the check bore "the
indorsement of the Gordon Fireworks Company."
The indorsement was made by Ravenscroft before pre-
senting the check for payment.    He asked for cash,
got it, and fled.    These are the essential facts.    This
suit followed.    A verdict was directed for defendant
and judgment entered.    Plaintiff brings error.

This is a suit by the payee, the holder of the check,
against the drawee, the bank.    The case is ruled by
*Lonier* v. *Savings Bank,* 149 Mich. 483, where the
bank cashed a check in like circumstances:

"This court is committed to the doctrine that the
holder of an unaccepted check has no right of action

against the drawee, and that the check does not operate as an assignment of the amount named in it, in the drawee's hands, a doctrine supported by the Federal case mentioned. Although there is a want of harmony in the cases, those in Illinois especially indicating a different doctrine, we see no occasion to depart from the rule as heretofore settled for this State;" citing *First National Bank of Washington* v. *Whitman*, 94 U. S. 343, and our own cases of *Brennan* v. *National Bank*, 62 Mich. 346, and *Grammel* v. *Carmer*, 55 Mich. 201 (54 Am. Rep. 363). See, also, *Cincinnati, etc., R. Co.* v. *Bank*, 54 Ohio St. 60 (31 L. R. A. 653, 56 Am. St. Rep. 700).

We quote section 6230, 2 Comp. Laws 1915 (section 191, negotiable instruments law) :

"SECTION 191. A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."

Of acceptance, it was said in *Brennan* v. *National Bank, supra:*

"A bank is not liable on a check unless certified or accepted. Checks are sometimes certified, which amounts to an acceptance; but that is the only form in which a liability can very well be created, unless, perhaps, by some recognition by estoppel, and, under our statutes, every acceptance must be in writing."

And we quote section 6228, 2 Comp. Laws 1915:

"SECTION 189. Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance."

For review of conflicting decisions on this question, see 2 Daniel on Negotiable Instruments (6th Ed.), § 1635 *et seq.*

Appellant argues that our cases cited have been in assumpsit and that a different rule should be applied here for the reason that its declaration has a count

for conversion. The bank did not convert funds of plaintiff. The check was not an assignment of the amount named in it. Again the *Lonier Case* is the answer.

That Ravenscroft had implied authority to indorse as he did, that indorsement was required and necessary, and that upon such indorsement the bank might pay cash, are questions which need not be considered.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.